JUAN J. GERARDINO, Plaintiff and Appellant, *v.* RAFAEL A. BUSCAGLIA, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 9256. Argued March 18, 1946.—Decided July 24, 1946.

*Alberto Gerardino* and *R. Atiles Moréu* for appellant. *E. Campos del Toro, Attorney General,* and *J. Rivera Barrerás,* Attorney of the Department of Justice, for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

The complaint in this case contains 21 causes of action which are practically identical and the total sum claimed is $1,009.24, the amount paid under protest by the plaintiff. The lower court sustained a demurrer for insufficiency of the complaint and, at the request of both parties, it rendered final judgment dismissing the action, with costs against the plaintiff but without including attorney's fees. From that judgment the present appeal has been taken.

Since the same questions are involved in all the causes of action relied on, we will only discuss the first cause of action, inasmuch as a determination of the latter carries with it the adjudication of the others.

In the first cause of action the plaintiff, in short, alleges that, as a merchant engaged in the purchase and sale of electrical goods, he entered into a contract with the Ponce Air Base (Losey Field), a military establishment of the Government of the United States of America, located in the Municipal District of Juana Díaz, Puerto Rico, and that pursuant to that contract he purchased from the Superior Porcelain Company of Parkesburg, West Virginia, U.S.A., on December 10, 1940, and introduced in the Island of Puerto Rico for, and consigned to, the Ponce Air Base some electrical goods of the total value of $131.63; that such merchandise, received and used by the Ponce Air Base, a military agency of the United States of America, was exempt from the payment of taxes or excises under the federal and insular laws;

458

and that in spite of that fact the Treasurer collected from him and he paid under protest the sum of $8.89, that is, $3.89 on account of the tax, surcharges, and interest up to June 12, 1942, and $5 in payment of the administrative fine which was imposed upon him. The complaint concluded by praying for the return of the taxes paid under protest.

The appellant urges that the lower court erred in sustaining the demurrer.

 From the opinion of the lower court we copy the following extract:

"As to the demurrer, we hold that it should be sustained inasmuch as in the second paragraph of the first cause of action, which is identical with the other 20 causes relied on, it is alleged that the plaintiff had a contract with the Ponce Air Base (Losey Field); but it is not alleged that that contract, entered into between the plaintiff and the above-mentioned military base of the United States of America, was on a cost-plus-fixed-fee basis.

"The Supreme Court of Puerto Rico has held in the case of *Porto Rico Iron Works* v. *Buscaglia, Treas.,* 62 P.R.R. 839, quoting from the syllabus:

" 'Any merchandise or article introduced into Puerto Rico and sold or transferred to the United States, its agencies and instrumentalities, including cost-plus-fixed-fee contractors, to be used in works of that Government, is exempt from the payment of any excise tax under § 2 of Act No. 158 of 1941 (Laws of 1941, p. 948).'

"In the instant case there has been a failure to allege a contract of that character as existing between the plaintiff and the Losey Field Base, and for that reason and with the support of the cases cited by the Supreme Court of Puerto Rico in the above-mentioned decision, the demurrer is sustained and the plaintiff is granted 10 days to amend his complaint, if he can do so."

In support of his demurrer and the judgment rendered by the lower court, the appellee urges that if the complaint alleged that the contract entered into between the appellant and the Air Base was one of those designated as "cost-plus-fixed-fee" contracts, it would state facts sufficient to constitute a cause of action.

The appellant on the contrary maintains that the above-mentioned merchandise was exempt from the payment of taxes or excises by the Internal Revenue Law for the sole reason that·it had been introduced in Puerto Rico to be sold or transferred to an agency or instrumentality of the Government of the United States of America, and that it was not necessary to allege in the complaint that the purchaser of the merchandise, who subsequently resold it to the aforesaid entity, wa s a cost-plus-fixed-fee contractor. Both parties base their respective contentions on the provisions of § 2 of Act No. 158, approved May 13, 1941 (Laws of 1941, p. 948). That Section reads as follows:

"Section 2.—As an emergency exists in regard to the national-defense work in Puerto Rico, it is provided that, from and after this Act takes effect and for the period of one year, *every article, effect, or merchandise manufactured in, or brought into, Puerto Rico that is sold or transferred to the United States of America, its agencies and instrumentalities,* including cost-plus-fixed-fee contractors, for their use in works of the Government of the United States, is hereby exempt from the payment of any excise tax that may have been levied under the provisions of any Act in force in Puerto Rico; *Provided,* That the Treasurer of Puerto Rico is hereby empowered to return, and he is directed to return, any excise tax that has been paid to the insular treasury after April 7, 1941, on any article, effect, or merchandise *sold or transferred to the United States of America, its agencies and instrumentalities* including cost-plus-fixed-fee contractors, and which have been used in any work of the Government of the United States." (Italics ours.)

In the case of *Porto Rico Iron Works* v. *Buscaglia, Treas.,* 62 P.R.R. 839, cited by the appellee in support of his demurrer to the complaint herein, the plaintiff corporation alleged that it introduced in Puerto Rico certain goods and merchandise which were sold and transferred to the United States directly or through its agencies, except some that were sold by the plaintiff to McCloskey & Co. to be used in connection with contracts entered into between that company and the United States of America on a cost-plus-fixed-fee

basis, in spite of which the defendant, without any justifiable cause and unlawfully assessed to the plaintiff an excise tax on the introduction of said goods and merchandise which was paid under protest by the plaintiff. The defendant, similarly as in the present case, interposed a demurrer for insufficiency, which was sustained, and the district court, at the instance of the defendant, renderd judgment for the plaintiff and adjudged the defendant to pay the amount aclaimed with interest thereon at the rate of 6 per cent from the filing of the complaint, with costs. From that judgment the defendant appealed and this court, construing and applying § 2 of Act No. 158, *supra,* said (p. 854):

"As may be seen, the above-quoted Section of Act No. 158 of 1941, shows the express intention of our Legislature to exempt from the payment of taxes for one year, every article, effect, or merchandise manufactured in, or brought into, Puerto Rico that is sold or transferred to the United States of America, its agencies or instrumentalities, including cost-plus-a-fixed-fee contractors for their use in works of the Government of the United States. Undoubtedly, the merchandise and articles introduced by the plaintiff and enumerated in the seventh cause of action of the complaint are fully covered by the exemption established by that statute."

The principal ground of demurrer relied on by the defendant is that, since the plaintiff is not a cost-plus-fixed-fee contractor, he is bound to pay the excise taxes assessed to him upon his introducing in the Island the merchandise which he had purchased from the Superior Porcelain Co., because he is a purchaser not covered by the statutory exemption, inasmuch as he is not the contractor contemplated by that statute nor an agency or instrumentality of the Government of the United States. We think that the lower court erred in construing and applying the Act in this case. Our statute is clear and definite in its provisions. By its terms, an article of merchandise is exempt from taxation if it is manufactured or introduced in Puerto Rico and sold or transferred to the United States, its agencies or instrumentalities, includ-

ing cost-plus-fixed-fee contractors, for their use in works of the Government of the United States regardless of any other requisite or consideration. The circumstance that the plaintiff should be the purchaser of the articles brought into Puerto Rico which were subsequently transferred to the Ponce Air Base (Losey Field), does not subject them to the payment of any tax. Their introduction and transfer to that entity were sufficient to bring them within the exemption provided by the Act. Undoubtedly, the articles of merchandise introduced by the plaintiff and which are enumerated in the 21 causes of action set forth in the complaint are fully within the exemption established by the statute.

██ The question to be decided is whether, under the facts and the law, the plaintiff is entitled to the refund claimed by him.

The plaintiff alleges that on *December 10, 1940,* he purchased from a continental concern and introduced in Puerto Rico certain merchandise which was received and used at an Army base. On that merchandise he did not pay any excise tax until *June 12, 1942,* when he made such payment under threat of attachment.

The plaintiff claims exemption from the tax by virtue of § 2 of Act No. 158 of 1941, which provides that "from and after this Act takes effect and for the period of one year, every article, . . . brought into Puerto Rico that is sold or transferred to the United States of America, its agencies and instrumentalities, including cost-plus-fixed-fee contractors . . . of the Government of the United States, is hereby exempt from the payment of any excise tax . . . *Provided,* That the Treasurer . . . is hereby empowered to return, and he is directed to return, any excise tax that has been paid to the insular treasury after April 7, 1941 . . ."

The dispositive part of said § 2 undoubtedly provides that all sales made to cost-plus-fixed-fee contractors in Puerto Rico, or the introduction in Puerto Rico for use by such

contractors, which occur during the period of one year from and after August 1941—the effective date of the Act—are exempt from the payment of excise taxes. If the Act went no further, it is obvious that the sale involved in this case would not be exempt inasmuch as it took place prior to the approval of the Act.

However, the question to be determined is as to the meaning and purpose of the proviso. If only the literal form of the latter is considered, it might be argued that regardless of the time when the sale or the introduction took place—at any time from 1925 to 1942—the refund should be made, provided that the payment has been effected after April 7, 1941. Nevertheless, assuming, without holding, that we should accept such a literal interpretation of the enactment, the proviso at most authorizes the recovery in favor of one who has paid the excise tax between April and August. We do not think that it could be construed in the sense of providing that the person who, as in the present case, sold to a cost-plus-fixed fee contractor prior to the approval of the Act and although bound to pay the excise tax immediately did not pay it until June 1942, when he did so under protest due to the threat of attachment, is protected by the statute.

There is another interpretation of the statute which would lead us to the same result in this case. If the dispositive part of the Act and the proviso are jointly considered and account is taken of the purpose of the Act, it might be convincingly argued that the exemption covers only the sales made subsequent to August 1941, and that the date in April was selected in order to grant the right of refund to an importer who imported merchandise between April and August, paid the excise tax by August, and sold the merchandise subsequent to August to a cost-plus-fixed-fee contractor.

There is still a third possible theory—the law exempts sales made between April and August as well as those ef-

fected after August. Under this theory the exemption claimed herein does not lie either, since the sale took place before April 1941.

It may be seen, therefore, that none of these three theories, when applied to the facts of htis case, entitles the plaintiff to obtain a refund. He imported and sold the merchandise prior to the enactment of the statute. He paid the tax, not between April and August of 1941, but in June of 1942. Had he paid the tax within the ten days provided by the Act and the regulations, he would not have been entitled to the exemption. The fact that, in violation of the law, he withheld the payment until 1942 can not serve as a basis for claiming such an exemption.

The judgment appealed from should be affirmed.